Peck, J.,
delivered the opinion of the court:
“ The petition in this case alleges, that on or about the tenth day of October, in the year 1864, the claimant was employed by Commodore G-. S. Blake, United States Navy, to make plans,drawings, and estimates for contemplated improvements in the Naval Academy of the United States, at Annapolis, Maryland. It also alleges, that the said Commodore Blake, in employing the claimant, acted under and in compliance with orders and directions of the United States Navy Department, at Washington, D, O.; that in pursuance of said employment the petitioner made said plans, drawings, and estimates, and delivered the same to the said Commodore Blake, at Newport, in the State of Bhode Island, on or about the 25th day of January, 1865, and for the performance of said labor he claims the sum of eight thousand dollars.”
To this claim the defendants interpose the following objections : That the communication to Commodore Blake from Assistant Secretary Fox, of the Navy, which is the only authority for the employment of the claimant, and upon which he relies, is but “ a familiar, social letter, not at all official in its character.” At the conclusion of his letter he says : “You must send us a plan for improvements and additions at Annapolis, on a complete and final scale, for five hundred boys and lectures-for officers who have arrived at a higher rank.”
*498 The defendants also say: The fatal objection to the claim is, that the contract under which the labor was done was not authorized by law. The prohibition of the statute of March 2,1861, certainly applies to this case :
“ No contract or purchase shall hereafter be made unless the same be authorized by law, or be under an appropriation adequate to its fulfilment, except in the War and Navy Departments for clothing, subsistence, forage, fuel, quarters, or transportation, which, however, shall not exceed the necessities of the current year.” (12 Stat. L., p. 220.)
We do not think that this claim can be upheld as resting in express contract.
It is quite clear, though, that the claimant was led to believe by the letter from the Assistant Secretary of the Navy, that his employment by Commodore Blake was desired, and would be approved. That his services, or those of some architect, were necessary, is established by Commodore Blake, who says he felt it his duty to carry out the order expressed in the letter of the Assistant Secretary strictly, to the best of his ability, and that he could not have done so without employing an architect.
■ The claimant was directed to prepare the plans and make estimates for the contemplated improvements of the Naval Academy at Annapolis, to which place the school was about to be removed from Newport, Bhode Island, the then residence of claimant, Congress, by an act approved May 21,1864, (13 Stat. L., p. 85;) having directed that the United States Naval Academy should be returned to and established at the Naval Academy grounds in Annapolis, in the State of Maryland, before the commencement of the academic year of 1865. The intention seems to have been to prepare for the return of the officers and students by the .erection of new and suitable structures, the old buildings not having been designed for so large a number of cadets as was now authorized by law, which the proof shows is about five hundred.
The order for the plans was for improvement and additions at Annapolis, on a complete and final scale, for five hundred boys, and quarters for officers who have arrived at higher rank. The improvements to be made it was expected would involve an expenditure approaching a million of dollars.
In obedience to the directions given him by Commodore *499 Blake, tlie claimant, with, two of Ms assistants, bestowed several month s’ labor npon the plans and estimates, calling to his assistance skilled mechanics to give him proper information and estimates as to cost of material and labor. The plans and estimates, when completed, were submitted to and approved by Commodore Blake. The drawings and estimates were subsequently submitted to and approved by the Assistant Secretary of'the Navy, he only remarking, without stating an objection, that he was apprehensive that the principal building would hardly be large enough.
The claimant, at the instance of Commodore Blake, had the plans, twenty-one in number, photographed, and they were then forwarded by the commodore to the Secretary of the Navy. The plans, drawings, and estimates have not, nor have the photographs of them, ever been returned to the claimant; nor does it appear that his labor and its results have ever been disapproved.
The letter of the Secretary of the Navy of September 2,1867, addressed to the clerk of this court, placed in the record by the defendants, was probably offered as evidence to the court, to show that the employment of the claimant was unauthorized. This missive is not evidence; it is not an official document.
Before the plans and estimates were forwarded, the Assistant Secretary of the Navy, on the 17th January, 1865, telegraphed to Commodore Blake to send as early as possible estimates for Annapolis, including purchase of government house and erection of shops, indicating plainly that the Assistant Secretary was aware of the action of Commodore Blake in the premises.
Even if the letter of the Secretary referred to could be considered as evidence, it would only show a discrepancy of knowledge between himself and his assistant. Commodore Blake says he felt it his duty to obey the orders of the Assistant Secretary, and could only omit to do so at great hazard to himself as an officer. He says, also, that other orders of importance had been given him in the same way as were those he received in relation to these plans and estimates, which he had felt obliged to obey and did'obey, without reproof or objection from the Navy Department.
It is difficult to believe that the Assistant Secretary was ignorant of the employment of the claimant or of the work done by him. As the work of the complainant was performed *500 under what we think was competent authority, he should be compensated for it.
The Assistant Secretary of the Navy had authority to direct the performance of the work; if the chief Secretary was not informed of the directions given by his Assistant, it was a' mistake or omission for which the claimant should not suffer.
It may be that the orders from the Assistant Secretary of the Navy to Commodore Blake, nothing- appearing to the contrary, were given in the absence of the Secretary-in-chief; if so, they would be as if issued by the latter, for by law the Assistant was authorized to act as Secretary in his absence. (12 Stat. L., p. 282.)
We are bound to presume that officers charged with the duties prescribed by law to the heads of departments, will always be circumspect in the performance of them, and will at all times be careful not to direct their subordinates to employ the labor of others unless such labor is authorized by law and is to be paid for.
It is evident that Assistant Secretary Fox gave the order to Commodore Blake, and that the service rendered by the claimant was approved by him.
By act approved May 21,1864, (13 Stat. L., p. 84,) $101,831 55 were appropriated to pay, among other things, contingencies of the United States Naval Academy. In 1865, (see 13 Stat. L., p. 466,) $115,626 were appropriated for the same purposes. These appropriations, if not especially designed to meet items of expenditure like those sought to be recovered in this action, are broad enough to cover them, and such may well be considered as included within the contingent expenses of the Naval Academy.
It is not easy from the proof presented to fix upon a proper and reasonable compensation to allow the claimant. We do not think the compensation fixed by the schedule of prices established by the American Institute of Architects in the city of New York, of which the claimant has made proof, is the proper rule of value for services performed by architects elsewhere. If that schedule be followed by us the claim even then would not amount to $8,000, as the list of expenditures necessary for the proposed structures, as presented by claimant, upon which his estimate of compensation was based, includes *501 many expenditures wbicb do not come witbin the services expected or required of an architect.
Moreover the claimant when called upon by Commodore Blake to perform the service, did not intimate to him that that standard of prices would be considered as the proper measure of his compensation; in fact no rate of price was considered; the claimant, looking to the execution of his plans, was willing' to trust to some future arrangement in that regard.
It is in evidence that the claimant made a demand of $4,000 for his services, and so estimated them at that time. The only other evidence of the value of such service as he rendered, is that of the schedule of the American Institute of Architects in New York City. The defendants have not offered any proof about the value of the services.
If the Attorney General thought the demand of claimant was unreasonable, it was easy enough for him to find proof to show that it is so. The plans, drawings, and estimates are in the possession of defendants and readily accessible to witnesses, who would be competent to speak of the value- of the services rendered by claimant, and show wherein his charges are unreasonable.
The claimant has been deferred for four years; no good reason has been shown for delaying the payment of his claim; and we shall presume, as he has fixed the value of his services at four thousand dollars, that we shall do him justice and the defendants no injustice by accepting that sum as the amount proper to be received, and we direct a judgment for that sum.